1

JL

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9    Abdulaziz Said Abdella,                    No. CV-25-04798-PHX-DJH (JFM)

10                        Petitioner,            **ORDER**

11    v.

12    Luis Rosa, Jr., et al.,

13                        Respondents.

14

15          Petitioner Abdulaziz Said Abdella, an immigration detainee who is confined in the

16    Central Arizona Florence Correctional Complex, has filed a pro se Petition Under 28

17    U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1), an

18    Application to Proceed In Forma Pauperis (Doc. 2), and a Motion for Appointment of

19    Counsel (Doc. 3).  The Court will grant the Application to Proceed, deny the Motion for

20    Appointment of Counsel without prejudice, and require an answer to the Petition.

21    **I.      Application to Proceed In Forma Pauperis**

22          Petitioner's Application to Proceed In Forma Pauperis indicates that his inmate trust

23    account balance is less than $25.00.  Accordingly, the Court will grant Petitioner's

24    Application to Proceed In Forma Pauperi*s*.  *See* LRCiv 3.5(c).

25    **II.     Petition**

26          Petitioner is a native and citizen of Ethiopia.  (Doc. 1 at 2.)  Petitioner entered the

27    United States in 1990 as a refugee.  (*Id.* at 3.)  Petitioner was taken into the custody of

28    Immigration and Customs Enforcement (ICE) on May 16, 2025.  (*Id.* at 2.)  On September

**TERMPSREF**

8, 2025, Petitioner was ordered removed to Ethiopia.  (*Id.*)  The 90-day statutory removal period under 8 U.S.C. § 1231(a)(1)(A) expired on December 8, 2025, and Petitioner remains detained.  (*Id.* at 3.)

In his Petition, Petitioner names Central Arizona Florence Correctional Complex Warden Luis Rosa, Jr.; Phoenix Field Office Director John Cantu; Deportation Officer K. Bourne; ICE Acting Director Todd M. Lyons; Secretary of the Department of Homeland Security Kristi Noem; and United States Attorney General Pamela Bondi as Respondents. Petitioner contends his continued detention violates the Immigration and Nationality Act, 8 U.S.C. § 1331, and his right to due process under the Fifth Amendment, as set forth in *Zadvydas v. Davis*, 533 U.S. 678 (2001).  (*Id.*)  Petitioner asserts that removal is not significantly likely in the reasonably foreseeable future because ICE has not been able to obtain travel documents to Ethiopia since September 8, 2025.  (*Id.* at 4.)  Petitioner asks the Court to grant the writ of habeas corpus and order his immediate release under reasonable supervision; declare that his detention violates 8 U.S.C. § 1231 and the Due Process Clause of the Fifth Amendment; enjoin Respondents from further detention absent a significant likelihood of removal in the reasonably foreseeable future; and grant such other relief as the Court deems just and proper.

The Court will require Respondents to answer the Petition.

### III.    Motion for Appointment of Counsel

In his Motion for Appointment of Counsel, Petitioner asks the Court to appoint counsel to represent him in this matter pursuant to 18 U.S.C. § 3006(A)(2)(B), because he has a strong chance of success on the merits and "given the complexity of the law on immigration detention" and his status as a detained immigrant, he would have "great difficulty presenting the case without the assistance of counsel."

To appoint counsel under § 3006A(a)(2)(B), the Court must determine whether the "interests of justice" require the appointment of counsel. *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990) (quoting § 3006A(a)(2)(B)).  This determination is guided by an assessment of the likelihood of success on the merits and movant's ability to articulate

his claims in light of the complexity of the legal issues. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Petitioner, who appears capable of articulating his claims, has not made the necessary showing for appointment of counsel at this time. Therefore, the Court will deny the Motion for Appointment of Counsel without prejudice.

**IV.    Warnings**

   **A.    Address Changes**

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

   **B.    Copies**

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

   **C.    Possible Dismissal**

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Petitioner's Application to Proceed In Forma Pauperis (Doc. 2) is **granted**.

(2)    Petitioner's Motion for Appointment of Counsel (Doc. 3) is **denied without prejudice**.

(3)    The Clerk of Court must serve a copy of the Summons, the Petition (Doc. 1) and this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to

TERMPSREF

Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure.  The Clerk of Court must also send by certified mail a copy of the Summons, the Petition, and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondents pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure.

(4)    Respondents must answer the Petition within **20 days** of the date of service. Respondents shall not file a dispositive motion in place of an answer without first showing cause as to why an answer is inadequate.

(5)    Regarding courtesy copies of documents for chambers, Respondents are directed to review Section II(D) of the Court's Electronic Case Filing Administrative Policies and Procedures Manual, which requires that "a courtesy copy of the filing, referencing the specific document number, shall be printed directly from CM/ECF." CM/ECF Admin. Man. § II(D)(3) (emphasis added).  *See* http://www.azd.uscourts.gov/ sites/default/files/documents/adm%20manual.pdf.

(6)    Petitioner may file a reply within **30 days** from the date of service of the answer.

(7)    This matter is referred to Magistrate Judge James F. Metcalf pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

Dated this 2nd day of January, 2026.

Honorable Diane J. Humetewa
United States District Judge

TERMPSREF

- 4 -